# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Alonzo Hale, Jr.,
     Petitioner

    vs                   Case No. 1:05cv213
                              (Barrett, J.; Hogan, M.J.)

Deborah Timmerman-Cooper,
     Respondent

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Docs. 3, 4), and petitioner's "traverse" and "supplemental pleading" in reply to the return of writ (Docs. 5, 6).

## Factual And Procedural Background

On July 15, 1998, the Hamilton County, Ohio, grand jury issued an indictment against petitioner and a co-defendant charging them with three counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2). (Doc. 3, Ex. 1). Petitioner first filed a plea of not guilty by reason of insanity (NGRI), which he later withdrew at a hearing held on December, 9, 1998 after the trial court determined that petitioner was competent in light of a doctor's testimony, stipulated to by both parties, which was contained in reports evaluating petitioner's competency and NGRI defense. (*See id.,* Exs. 2-3; Doc. 4, Ex. 14, Vol. I, Tr. 2-5, 22).

Apparently, petitioner filed a *pro se* motion for treatment in lieu of sentence, which was denied at the December 9, 1998 hearing.  (Doc. 3, Ex. 3; Doc. 4, Ex. 14, Vol. I, Tr. 22).  Petitioner also entered guilty pleas to the three robbery counts, which was accepted after the trial court went over the plea agreement with petitioner, including the substance of the charges and the maximum sentence that could be imposed against him, at the December 9, 1998 hearing.  (*See* Doc. 3, Ex. 4; Doc. 4, Ex. 14,Vol. I, Tr. 5-31).  On January 7, 1999, petitioner was sentenced to consecutive four (4) year terms of imprisonment totaling twelve (12) years on the robbery charges. (Doc. 3, Ex. 5; Doc. 4, Ex. 14, Vol. II, Tr. 12).

Petitioner did not pursue an appeal as of right from his conviction and sentence. Indeed, he took no action to challenge his conviction or sentence until nearly five years later, when on November 3, 2003, he filed with the Ohio Court of Appeals, First Appellate District, a *pro se* motion for leave to file a delayed notice of appeal, as well as *pro se* motions for a copy of the trial transcript and  to "stay" the appeal pending the court's ruling on his motion regarding the trial transcript.  (Doc. 3, Ex. 6).  Petitioner did not present in his motion any assignment of errors that he hoped to raise on appeal. However, he did attach an affidavit, wherein he claimed as "cause" for his delay in filing that his trial counsel failed to advise him of his right to appeal his sentence; that he would have requested an appeal at sentencing if he had known he had such a right; and that he discovered he had a right of appeal only after conducting his own legal research and finding certain Ohio cases "concerning sentencing." (*Id.,* Sworn Affidavit of Alonzo Hale, Jr.).

On January 2, 2004, the Ohio Court of Appeals overruled petitioner's motion for leave to file a delayed appeal on the ground that petitioner had "failed to provide sufficient reasons for failure to perfect an appeal as of right;" the court also overruled petitioner's "other pending motions" as moot.  (*Id.,* Ex. 8).[1]

Petitioner sought leave to appeal to the Ohio Supreme Court, presenting the following propositions of law in his memorandum in support of jurisdiction:

1. []The trial attorney had an imposed constitutional duty to advise the Appellant that he could appeal the court's sentence as a first time

_____

[1]Petitioner filed a motion for reconsideration of this decision, which was denied by the Ohio Court of Appeals on February 13, 2004.  (*See* Doc. 3, Exs. 9-10).

2

offender.

2. Rational of Appellant had he known after sentence, would have requested an appeal of the court's sentence, had he known being a first time offender in this case in chief. [sic]

3. Pursuant to O.R.C. §2929.14(E)(4) and §2929.19(B)(2)(c), Appellant was entitled to have the court follow statutory requirements before [b]eing sentence[d] to both maximum and consecutive sentences.

4. According to Art. IV §3(B)(3) Section of Ohio Constitution it take[s] three Judges to decide a case or issue a ruling, order or decree.

(*Id.,* Exs. 11-12). On June 9, 2004, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 13).

Petitioner next initiated the instant federal habeas corpus action. The petition, which is undated, was first "received" for filing on February 24, 2005 and ultimately "filed" on April 1, 2005. (Doc. 1). Petitioner asserts the following grounds for relief:

**Ground One:** According to [t]he United States Supreme Court [i]n: ROE -VS- FLORES-ORTEGA, 120 S.Ct. 1029 (2000), [trial counsel] has a duty [to] advise Petitioner about an Appeal. The trial attorney had imposed constitutional duty to advise the Petitioner that he could Appeal the court's Sentence. However, the trial attorney did not do this. Otherwise, Petitioner would have asked the trial attorney to Appeal his Sentence as pronounced by the trial court in this case. . . .

**Ground Two:** The rational of Petitioner had know[n] after sentencing, would have Requested that his present sentence be Appealed, as a First Time Offender in this case [sic]. . . . [Petitioner] would have requested that the trial attorney Appeal his sentence, as a First Time Offender had the trial attorney advised the Petitioner that he had a right to Appeal the court's sentence, as a First Time Offender[; he] would have Requested an Appeal immediately after sentencing as a matter of the Petitioner's State, Statutory and his Federal Constitutional Rights to do so, as a First Time Offender. However, counsel never advised of such.

3

**Ground Three:** As a First Time Offender, the Petitioner had a State, Statutory and a Federal Constitutional Right to be advised by trial attorney of such in this case. . . .

**Ground Four:** []The trial attorney had an imposed constitutional duty to advise the Petitioner that he could Appeal the Court's sentence as a First Time Offender.[]. . .

**Ground Five:** . . . .Pursuant to O.R.C. §2929.14(E)(4) and §2929.19(B)(2)(c), when imposing consecutive sentence, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at sentencing hearing. And pursuant to O.R.C. §2929.19(B), when imposing a non[-]minimum sentence on a First Time Offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing. Of which the sentencing court did not do in this case or accept motion for modification of the sentence, as presented by trial's attorney after sentencing in this action.

**Ground Six:** According to Art. IV §3(B)(3) Section of Ohio's Constitution, it take[s] Three (3) Judges to decide a case or issue a ruling, order or decree. . . .

(*Id.*, pp. 5-7).

    In response to the petition, respondent contends that the petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See* Doc. 3, Brief, pp. 5-8). Respondent alternatively argues that petitioner has waived the claims alleged in Grounds One through Five of the petition and that the claim alleged in Ground Six raises an issue of state-law only, which is not cognizable in this federal habeas proceeding. (*See id.,* pp. 8-14).


## OPINION

### A. Grounds One Through Five Should Be Dismissed As Time-Barred

    Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214,

a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which statute of limitations provision set forth in 28 U.S.C. § 2244(d)(1) applies to each of the six grounds for relief alleged in the petition.  As an initial matter, it appears that the claim alleged in Ground Six of the petition did not arise until January 2, 2004 when  petitioner's motion for delayed appeal was denied by one judge on the Ohio Court of Appeals instead of a three-judge panel.  Therefore, the claim is governed by 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations does not begin to run until the factual predicate of the claims presented could have been discovered in the exercise of due diligence.  Because petitioner could not have discovered the factual predicate of the claim, and therefore the statute of limitations could not have begun to run, until after the challenged January 2, 2004 order was entered, the Court concludes that the claim alleged in Ground Six is not time-barred.

In contrast, petitioner's remaining claims alleged in Grounds One through Five are based on purported errors that occurred prior to or during the state plea-taking and sentencing proceedings.  Normally, such claims are governed by 28 U.S.C. § 2244(d)(1)(A), which provides the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.  However, petitioner also has alleged in Grounds One through Four of the petition that he was denied effective assistance of counsel and his constitutional right of appeal based on the failure of his trial attorney to inform him of his right to appeal the sentence that was imposed after his guilty plea to the three robbery charges was entered.  The question then arises as to whether these

5

particular claims are also governed by 28 U.S.C. § 2244(d)(1)(D).[2]

Here, the trial court apparently did not inform petitioner of his appellate rights at the sentencing hearing on January 7, 1999. However, it is clear from the record that contrary to his contention, petitioner was informed when he entered his guilty pleas on December 9, 1998 that he had a right of appeal, which had to be exercised within thirty days of entry of the sentence.   Specifically, the guilty plea form executed by petitioner expressly provided in pertinent part:

> . . . .I understand my right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence.
>
> ****
>
> I have read this form and I knowingly, voluntarily, and intelligently enter this guilty plea.

(Doc. 3, Ex. 4).  In response to the court's questioning at the plea-taking hearing, petitioner stated that he could read and affirmed that he had signed the plea form; he also stated that he had "gone over th[e] form with Mr. Burke," his attorney, prior to signing it.  (Doc. 4, Ex. 14, Vol. I, Tr. 5-8).

---

[2]The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating that he was actually prevented from filing a timely habeas petition because of the ineffectiveness of his state appellate counsel in perfecting or pursuing an appeal on his behalf.  *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter); *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (unpublished Report & Recommendation), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (unpublished Report & Recommendation).  *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).  No such allegations have been made here. Therefore, the one-year limitations provision set forth in § 2244(d)(1)(B) is inapplicable to the case-at-hand.

In addition, during the plea-taking hearing, the following colloquy took place between the court and petitioner regarding petitioner's right of appeal:

THE COURT:   ****

The reason I stress the date of sentence, sir, if I give you the maximum sentence, the 24 years, or just one count straight out 8 years, you have an automatic right of appeal.

You may have other limited appellate rights, but any appeal must be filed within 30 days of sentence.  So if you enter the plea today but don't get sentenced for two or three weeks the time on the sentence doesn't begin to run, sir, until the date of sentence.

Do you understand that?

THE DEFENDANT: Yes, sir.

(*Id.,* Tr. 20).

In light of the record evidence clearly showing that petitioner was informed of and stated that he understood his right of appeal, the Court concludes that the factual predicate underlying petitioner's claims in Grounds One through Four was discoverable in the exercise of due diligence at the time petitioner entered his guilty pleas.

Petitioner has indicated in the petition that he did not understand he had the right to appeal his sentence based on the specific claim alleged in Ground Five challenging the imposition of more than the minimum sentence for a "first time offender."  Despite the fact that it appears petitioner was not a "first time offender" as he suggests (*see* Doc. 4, Ex. 14, Vol. I, Tr. 12-13; Vol. II, Tr. 5-6), the potential for confusion could have been avoided if the plea form or the trial court had been more explicit regarding the range of issues a defendant may raise in an appeal challenging a guilty plea conviction or sentence.[3]  Nevertheless, the Court finds that the general notice provided in the plea

---

[3]For example, Ohio Rev. Code § 2953.08(A) and (C) list a number of sentencing errors that a defendant who pleads guilty to a felony may either appeal as a matter of right or seek leave

form and by the trial court was sufficient to inform petitioner that he had a right of appeal, albeit "limited," which he would lose if he failed to exercise that right within thirty days.  Therefore, the Court concludes that the claims alleged in Grounds One through Five of the petition are all governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

The Supreme Court's decision in *Johnson v. United States,* 544 U.S. 295 (2005), supports this Court's determination that the statute of limitations set forth in § 2244(d)(1)(A), as opposed to § 2244(d)(1)(D), should govern here.  In *Johnson,* the Supreme Court considered the analogous statute of limitations provision governing prisoners collaterally challenging their federal sentences, which is set forth in 28 U.S.C. § 2255, ¶6.  In that case, the Court was faced with the question as to when the one-year limitations period begins to run on a claim challenging a federal sentence based on the ground that a state sentence used to enhance that sentence has since been vacated.  The Court held that the one-year statute of limitations begins to run under § 2255, ¶6(4), a provision directly analogous to § 2244(d)(1)(D), when the petitioner receives notice of the order vacating the prior state conviction, "provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence."  *Johnson,* 544 U.S. at 298.

In so ruling, the Court agreed with petitioner's argument that notice of the state order eliminating the predicate required for enhancement of the challenged federal sentence, "which is almost always necessary and always sufficient for relief," is a matter of "fact," the discovery of which triggers the limitations period under § 2255, ¶6(4). *Id.* at 306-07.  However, the Court pointed out a "minor" anomaly in petitioner's position to the extent that "[i]t is strange to say that an order vacating a conviction has been 'discovered,' the term used by paragraph four, and stranger still to speak about the date on which it could have been discovered with due diligence, when the fact happens to be the outcome of a proceeding in which the § 2255 petitioner was the moving party."  *Id.* at 307.

Most importantly, the Court further found that there was a "more serious problem" with petitioner's position that his § 2255 petition "is timely under paragraph four as long as he brings it within a year of learning he succeeded in attacking the prior conviction, no matter how long he may have slumbered before starting the successful

_____

to appeal.

8

proceeding." *Id.* The Court reasoned:

> Of course it may well be that [petitioner] took his time because his basic
> sentence had years to run before the period of enhancement began. But,
> letting a petitioner wait for as long as the enhancement makes no
> difference to his actual imprisonment, while the predicate conviction
> grows increasingly stale and the federal outcome is subject to question, is
> certainly at odds with the provision in paragraph four that the one year
> starts running when the operative fact "could have been discovered
> through the exercise of due diligence." And by maximizing the time that
> judgments are open to question, a rule allowing that kind of delay would
> thwart one of AEDPA's principal purposes, *Duncan v. Walker,* 533 U.S.
> [167, 179 (2001)], *Woodford v. Garceau,* 538 U.S. 202, 206 . . . (2003),
> [of promoting "finality" by "reduc[ing] delays in the execution of state and
> federal criminal convictions and sentences ."]

*Id.* at 307-08.

Although the Court concluded that neither of its concerns was sufficiently serious
"to justify rejecting [petitioner's] basic argument that notice of the order vacating the
predicate conviction is the event that starts the one year running," it was still left "with
the question of how to implement the statutory mandate that a petitioner act with due
diligence in discovering the crucial fact of the vacatur order that he himself seeks." *Id.*
at 308. The Court stated:

> The answer is that diligence can be shown by prompt action on the part of
> the petitioner as soon as he is in the position to realize that he has an
> interest in challenging the prior conviction with its potential to enhance the
> later sentence. The important thing is to identify a particular time when
> the course of the later federal prosecution clearly shows that diligence is
> in order.

*Id.* That point in time, which was chosen as best reflecting "the statutory text and its
underlying concerns," was determined to be the date of entry of judgment in the federal
criminal case. *Id.* at 309.

Based on this line of reasoning, the Court concluded that the one-year limitations

9

period would have run under § 2255, ¶6(4), from the date the petitioner received notice of the state vacatur order if petitioner had acted diligently in obtaining that order after entry of judgment in the federal criminal case. *Id.* at 310. However, because the petitioner had delayed more than three years after entry of judgment in the federal case before filing his state habeas petition attacking the predicate for enhancement, the Court found that petitioner had not acted diligently in challenging his state conviction. *Id.* at 311. Because petitioner had not exercised due diligence, the Court concluded that the limitations period set forth in § 2255, ¶6(4), was "unavailable" and that the petition was properly dismissed on the ground that it was untimely-filed. *Id.*

This case is analogous to *Johnson* to the extent it may be argued that notice of the Ohio Court of Appeals' decision denying petitioner's motion for delayed appeal forms the basis for the claims for relief alleged in Grounds One through Four and is a matter of fact, the discovery of which triggers the applicability of the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(D). The case is further analogous to *Johnson* to the extent that the "good cause" argument underlying petitioner's claims for relief is based on alleged errors or misperceptions that occurred years earlier, when the time for filing an appeal of right had not yet expired, which petitioner failed to diligently pursue in the state courts.

In this case, petitioner did nothing to challenge his conviction or sentence until November 3, 2003, nearly five years after the entry of the trial court's January 7, 1999 judgment of conviction and sentence, when he filed his motion for leave to file a delayed notice of appeal with the Ohio Court of Appeals. As discussed above, *see supra* pp. 6-8, although petitioner delayed a number of years before asserting any claim that he was not adequately informed of his appellate rights, it appears from the record that he was made sufficiently aware at the time he entered his guilty pleas of his right of appeal, which he had to exercise within thirty days of sentencing. To the extent petitioner has argued the plea agreement was vague and could be misinterpreted as to the issues he could appeal, he has not provided an adequate explanation for his nearly five year delay in pursuing a delayed appeal or any other remedy to challenge his conviction or sentence in the state courts.

In so ruling, the Court is aware of the Sixth Circuit's recent decision in *DiCenzi v. Rose*, 452 F.3d 465, 469-72 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493, 497-500 (6th Cir. 2005), which was decided after but did not address the Supreme Court's *Johnson* decision. In *DiCenzi,* the Sixth Circuit vacated the district court's dismissal of claims stemming from counsel's and the court's alleged failure at

sentencing to inform the petitioner of his appeal rights as time-barred under § 2244(d)(1)(A) and remanded the matter for determination as to whether petitioner had acted with due diligence in discovering his right of appeal, thereby triggering the applicability of the later limitations period set forth in § 2244(d)(1)(D). The Court is also aware that in *Wolfe v. Randle,* Case No. 1:00cv410 (S.D. Ohio) (Spiegel, J.) (Doc. 9, Report & Recommendation issued March 12, 2001 adopted by Order of July 3, 2001), which was decided before *Johnson,* the petitioner's claim alleging a denial of his right to appeal was considered timely under 28 U.S.C. § 2244(d)(1)(D), because the statute of limitations did not begin to run until the Ohio Supreme Court issued its final ruling in the state court proceedings denying petitioner's motion for delayed appeal. However, unlike this case, the record was not developed in *DiCenzi* as to when petitioner was made aware of his appeal rights,[4] and in *Wolfe,* it was determined that petitioner had not been informed of his right to an appeal by either his counsel or the trial court, *see Wolfe v. Randle*, 267 F.Supp.2d 743 (S.D. Ohio 2003).

This case is more akin to another action before this District Court–*Goins v. Sanders,* 1:01cv185 (S.D. Ohio July 23, 2004) (Weber, J.) (Doc. 41), which was also decided before *Johnson.* In *Goins,* the Court refused to reopen a case determined to be time-barred under 28 U.S.C. § 2244(d)(1)(A), because in contrast to *Wolfe,* the petitioner had been "specifically informed of his appeal rights at his plea hearing and in writing prior thereto." (*Id.,* p. 2). As in *Goins,* the present record is sufficient to demonstrate that petitioner was informed of and understood his appeal rights before his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on February 6, 1999, when the thirty (30) day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued January 7, 1999. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on February 7, 1999, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 7, 2000 absent the application

---

[4]In addition, in contrast to *DiCenzi,* to the extent petitioner contends his sentencing error claim that he wanted to raise on appeal arose when he discovered certain Ohio cases while he was researching his case in prison, those cases were decided and thus discoverable *before* petitioner even entered his guilty pleas. (*See* Doc. 3, Ex. 6, Sworn Affidavit of Alonzo Hale, Jr.). Therefore, the facts underlying that claim were discoverable in the exercise of due diligence years before petitioner sought to obtain a delayed appeal in the state courts.

of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[5]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, the statute of limitations ran its course years before petitioner took any action to challenge his conviction or sentence. Therefore, no time remained in the limitations period that could be tolled when petitioner filed his motion for leave to file a delayed notice of appeal with the Ohio Court of Appeals, nearly four years after the statute of limitations had ceased running.

---

[5]To the extent petitioner contends that his motion for delayed appeal caused the limitations period to begin running anew, his argument must fail. In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period. In *DiCenzi,* the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." *DiCenzi,* 452 F.3d at 469 (emphasis added).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court. He also has not shown that he is entitled to equitable tolling under *Dunlap.* First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996. Perhaps most importantly, as discussed above, *see supra* pp. 6-8, 10-11 & n.4, it is clear from the record that petitioner has not been diligent in pursuing his rights. Therefore, equitable tolling is inappropriate in this case.

Accordingly, in sum, the Court concludes that petitioner's claims for relief alleged in Grounds One through Five of the petition, which are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), are time-barred.

Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to justify excusing the statute of limitations bar in this case.

## B. The Remaining State-Law Claim Alleged In Ground Six Of The Petition Is Not Cognizable In This Federal Habeas Proceeding

In Ground Six of the petition, petitioner essentially contends that the denial of his motion for delayed appeal by one judge on the Ohio Court of Appeals, as opposed to a three-judge panel, violated a provision of Ohio's Constitution. (Doc. 1, p. 7). In the return of writ, respondent argues that this claim is not cognizable because it "presents a procedural issue under state law only and does not therefore satisfy the jurisdictional requirements of the federal habeas statute." (Doc. 3, Brief, p. 14). Respondent's argument has merit.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir.), *cert. denied,* 540 U.S. 930 (2003). Petitioner's allegations regarding an alleged violation of Ohio's Constitution do not trigger federal constitutional concerns.

Therefore, petitioner is not entitled to federal habeas corpus relief based on his claim of state-law error alleged in Ground Six of the petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice.

2. A certificate of appealability should issue with respect to any Order adopting this Court's Report and Recommendation to dismiss Grounds One through Five with prejudice on procedural statute of limitations grounds, because under the two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling and whether petitioner has stated a viable constitutional claim in those grounds to the extent

14

he alleges he was not made aware that he had the right to appeal his sentence based on the sentencing error claim alleged in Ground Five of the petition.  A certificate of appealability should not issue with respect to the remaining claim alleged in Ground Six of the petition, which was addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claim.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *see also Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983).

   3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  10/19/2006          s/Timothy S. Hogan
       cbc                 Timothy S. Hogan
                           United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\05-213denypet.sol-waiv.gp-applrt.wpd

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Alonzo Hale, Jr.,
    Petitioner,

                             Case No. 1:05cv213

    v.                            (Barrett, J.; Hogan, M.J.)

Deborah Timmerman-Cooper,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1: 05cv 213 Doc.8

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Alonzo Hale, Jr. 371-448
London Corr. Inst.
PO Box 69
London OH 43140-
0069

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7002 0860 0006 5230 5257

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-0835